of the right of the foreign creditor to sue out a foreign attachment, and puts the affirmance on other grounds.

Whence it would seem, that the question whether a foreign creditor can sue out an attachment is still unsettled, and I cannot find any case that settles it.

In *Staples* v. *Fairchild* (3 N. Y. 43), the Court of Appeals express a different opinion, but they found that upon the language of sub. 2 of § 1 of the statute, and entirely overlook the provision of § 3, which says the "application may be made by any creditor resident within this State *or out of it.*"

In *Castellain* v. *Jones* (5 id. 168), the same court intimate the same view, but do not decide it, because the applicant was a resident and the question did not arise.

In *Renard* v. *Hargous* (13 id. 289), the court affirmed a ruling of the Superior Court, that where the applicants were partners it was no objection that one of them was a non-resident.

Thus the question now (1868) stands, and it remains to be seen whether the views expressed in the principal case and which carries into the Revised Statutes the provisions of § 20 of 1 R. L. 157, as the revisors say was intended, shall be ultimately sustained.]

## NEW YORK—SPECIAL TERM.

Before EDMONDS, Justice.

### ALLEN v. BLUNT.

A motion to vacate an award of arbitrators can be made only in the court named in the submission, and for the causes specified in the statute.

Any other ground for setting aside an award can be available only in a distinct action brought for that purpose.

Such action was always an equitable one, and the amalgamation of common law and equity powers in the same court does not alter the principle.

THIS was a motion, at Special Term, to set aside an award, in which it was insisted that the union of the two courts, Supreme and Chancery, had, in fact, abolished the remedy by bill in equity, which formerly prevailed.

*Edmonds, J.:* In cases of submission to arbitration the power of the court, designated in the submission, is derived from the statute, and it has no authority beyond that. That authority, so far as it relates to vacating the award, is confined to certain causes specified in the statute. And for other causes relief was obtained, when the party was entitled to it, by a distinct suit in chancery brought for that purpose, and equity entertained the jurisdiction. The amalgamation of the two courts into one has not altered the practice in that respect. For any of the causes named in the statute a motion may be made to vacate the award. For any other cause, relief must be sought in a separate suit.

The matter now before me is a motion, and yet the cause alleged for vacating the award is not one of those named in the statute, but may be good ground for a separate action.

The motion must therefore be denied, with costs.